## Thomas Birney, Plff. in Err., *v.* W. S. Barker.

Affidavit of defense held insufficient.

(Decided January 4, 1886.)

Error to the Court of Common Pleas, No. 1, of Allegheny County. Affirmed.

*Isaac S. Van Voorhis* and *Thomas Patterson* for plaintiff in error.

*A. H. Clarke* and *C. C. Taylor* for defendant in error.

PER CURIAM:

The court committed no error in holding this affidavit of defense insufficient to prevent judgment being taken. It contains no averment that a sum equal to the amount of this note was

NOTE.—An affidavit of defense which claims as a set-off damages from failure to fulfil a contract must show what the default consisted of, and the damages suffered. Conrade v. O'Brien, 1 Pa. Super. Ct. 104, 37 W. N. C. 493; Consumer's Gas Co. v. American Electric Constr. Co. 30 W. N. C. 222, 50 Fed. 778; Louchheim v. Becker, 3 W. N. C. 449; Jackson v. Farrell, 6 Pa. Super. Ct. 31. But if it be alleged that the damages exceed the plaintiff's claim, the affidavit is sufficient, though not liquidated. Crompton v. Restein Bros. 2 W. N. C. 154; Lane v. Penn Glass Sand Co. 172 Pa. 252, 33 Atl. 570; Davis Coal & Coke Co. v. Price, 175 Pa. 155, 34 Atl. 444; Malone v. Philadelphia, 132 Pa. 209, 19 Atl. 54; Martinez v. Earnshaw, 143 Pa. 479, 22 Atl. 668.

not due to the contractors. It substantially avers the work done to be worth $6,500 and does not allege that any payment has been made on account thereof, except this note of $1,000.

Judgment affirmed.